UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANET BASSE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | NO. CV-12-3034-VEB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    On January 10, 2014, Magistrate Judge Victor E. Bianchini issued his Report and Recommendation (R & R) recommending that the final decision of the Commissioner be affirmed. ECF No. 25. Plaintiff timely filed her objections to the Report and Recommendation. ECF No. 26.

    Plaintiff argues the Magistrate misconstrued the facts, and erred in his analysis of Plaintiff's major depressive disorder with psychotic episodes. Specifically, Plaintiff argues the ALJ erred in rejecting Dr. Schultz's opinion and Ms. Basse's credibility, and instead relying on Dr. Humann's opinions.

    Dr. Shultz performed a consultative examination in June, 2008. She assessed Plaintiff a GAF score of 39. The ALJ concluded this score was inconsistent with Plaintiff's treatment records. Dr. Humann was Plaintiff's treatment provider. During the relative time period, Dr. Humann assessed Plaintiff with GAF scores ranging between 50-58. Also, treatment records in 2009 indicate that Plaintiff was responding well to her medications.

**ORDER ADOPTING REPORT AND RECOMMENDATION** ~ 1

The ALJ's reliance on Dr. Humann's opinions and rejection of Dr. Schultz's GAF score was not in error.  It is permissible to give more weight to a treating physician's narrative discussions and clinical assessments than a single GAF score assigned by a consultative examiner. Moreover, the RFC is consistent with Dr. Humann's GAF scores.

Also, the ALJ did not simply "cherrypick" the files of treating physicians to find evidence of good results among evidence of symptoms. The treatment notes, especially in 2009 after Plaintiff began taking the Concerta, describes good progress, an ability to manage responsibilities, and normal clinical observations with regard to judgment and insight.

The ALJ's decision that Plaintiff is not disabled is supported by the record. Plaintiff is able to attend to basic activities of daily living, including self-care and childcare, and maintaining a routine. The record demonstrates that Plaintiff stopped working several years before the alleged onset of disability to care for her mother and did not return to work after her mother passed away due to childcare concerns. Childcare concerns appear to be a reason why Plaintiff is not working.

Accordingly**, IT IS HEREBY ORDERED:**

1. Magistrate Bianchini's Report and Recommendation, ECF No. 25, is **ADOPTED**, in its entirety.

2. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

4. The decision of the Commissioner denying benefits is **affirmed**.

///
///
///
///
///
///

**ORDER  ADOPTING REPORT AND RECOMMENDATION** ~ 2

5. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 14th day of May, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2012\Sharp (SS)\sj.ord.doc

**ORDER ADOPTING REPORT AND RECOMMENDATION** ~ 3